IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:08-211-HMH |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| | ) | |
| Moshe Dayan Aitch, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Moshe Dayan Aitch's ("Aitch") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, Aitch's motion is granted in part and dismissed in part.

## I. Factual and Procedural History

On July 17, 2008, Aitch pleaded guilty to (1) possession of counterfeit securities in violation of 18 U.S.C. § 513(a) and 2 ("Count I"); (2) bank fraud in violation of 18 U.S.C. § 1344 and 2 ("Count III"); and (3) possession and use of a means of identification of another without lawful authority in violation of 18 U.S.C. § 1028A(a)(1) ("Count IV"). On December 18, 2008, the court sentenced Aitch to fifty-seven months' imprisonment for Count I; fifty-seven months' imprisonment for Count III to be served concurrently with Count I; and twenty-four months' imprisonment for Count IV to be served consecutively. Thus, Aitch's total sentence was eighty-one months' imprisonment. Further, the court ordered Aitch to pay restitution in the amount of $32,597.63. Aitch appealed his sentence to the United States Court of Appeals for the Fourth Circuit, arguing that the court erred in finding that he was the

organizer and leader of the underlying conspiracy, making him subject to a sentence enhancement. The Fourth Circuit affirmed Aitch's sentence on November 19, 2009. See United States v. Aitch, No. 08-5245, 2009 WL 3863572, at *2 (4th Cir. Nov. 19, 2009) (unpublished).

Proceeding pro se, Aitch timely filed the instant § 2255 motion on September 20, 2010,[1] alleging that he was deprived of his constitutional right to effective assistance of counsel at his sentencing and on direct appeal. Specifically, Aitch contends that his counsel was ineffective for (1) failing to object to and appeal the court's determination that two predicate convictions subjected Aitch to sentencing enhancements; (2) failing to challenge the validity of his § 1028A(a)(1) guilty plea; and (3) failing to object to and appeal the court's calculation of restitution. Additionally, Aitch maintains that even if none of the above errors alone is sufficient to constitute a colorable ineffective assistance of counsel claim, their cumulative effect necessitates habeas relief. After reviewing Aitch's § 2255 motion, the court ordered the Government to respond to Aitch's motion. The Government filed its response on November 22, 2010. This matter is now ripe for review.

## II. Discussion of the Law

To successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Aitch must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, one must demonstrate a

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

"reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Because Aitch tendered a guilty plea, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### A. Predicate Convictions

Aitch first claims that his counsel's performance was deficient for failing to object to and appeal the court's inclusion of two predicate convictions in the calculation of his criminal history category pursuant to § 4A1.2 of the United States Sentencing Guidelines ("U.S.S.G."). (Aitch § 2255 Mot. 3-5.) Specifically, Aitch contends that it was improper for the court to count an allegedly uncounseled state conviction and a murder conviction for which Aitch's sentence was subsequently reduced under the South Carolina Youthful Offenders Act ("YOA"). (Id.) This claim, however, is factually and legally without merit. Aitch's counsel raised nine objections to the probation officer's Presentence Investigation Report ("PSR"). Notably, Aitch's counsel objected to the very predicate offenses that form the basis of this claim. (Addendum PSR, generally.) Aitch's counsel raised these objections again during Aitch's sentencing hearing before the court. (Aitch Sentencing Hr'g Dec. 11, 2008, at 9-11.) The court, however, adopted the probation officer's PSR and denied Aitch's objections. (Id. 64-65.) Because Aitch's counsel objected to these predicate convictions, Aitch cannot show that his counsel's performance was unreasonable.

Aitch also contends that his appellate counsel was constitutionally ineffective for failing to appeal the district court's determination that these predicate convictions subjected him to a sentencing enhancement. While Aitch is entitled to constitutionally effective assistance of

counsel on direct appeal, Evitts v. Lucey, 469 U.S. 387, 396 (1985), his appellate counsel is not bound to raise every non-frivolous issue. Keel v. French, 162 F.3d 263, 272 (4th Cir. 1998). Instead, the court presumes that appellate counsel strategically selected issues most likely to succeed on appeal. Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Aitch's appellate counsel argued the district court erred in finding that Aitch was the leader or organizer of a fraudulent check cashing scheme, subjecting him to a four-level sentencing enhancement under U.S.S.G. § 3B1.1(a). Aitch, 2009 WL 3863572, at *1. Appellate counsel did not contend the court erred in denying Aitch's objections to the probation officer's PSR.

Appellate counsel's decision not to appeal the district court's inclusion of the two predicate convictions in calculating Aitch's criminal history was reasonable because to raise these claims on appeal would have been frivolous. While Aitch's voluntary murder conviction was reversed, he subsequently entered a guilty plea on an identical indictment and was sentenced under the YOA. Thus, the district court concluded Aitch's YOA sentence was point countable pursuant to § 4A1.1(a). Further, with respect to Aitch's objection that one of his convictions was uncounseled, Aitch failed to produce any evidence that he was not advised of his right to counsel or failed to voluntarily and intelligently waive his right to counsel. South Carolina courts are required by statute to advise defendants of their constitutional right to counsel and provide them with counsel unless the defendant voluntarily and intelligently waives his right. S.C. Code Ann. § 17-3-10. Because there is no evidence that Aitch was convicted without voluntarily and intelligently waiving his right to counsel, the court finds that it would have been frivolous for his appellate counsel to raise this implausible claim on appeal. Based on the foregoing, the court finds that Aitch has failed to demonstrate that his attorney's

4

performance was constitutionally ineffective.

## B. Aggravated Identity Theft Claim

Aitch next claims that his appellate counsel was constitutionally ineffective by failing to challenge the validity of his § 1028A(a)(1) guilty plea on direct appeal. Pursuant to 18 U.S.C. § 1028A(a)(1), an individual convicted of a felony relating to fraud or false statements faces a mandatory two-year consecutive prison term if, in the course of committing the felony, the individual "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." § 1028A(a)(1), (c). At the time of Aitch's plea and sentencing, the controlling precedent in the Fourth Circuit interpreting the elements necessary to convict a defendant under § 1028A(a)(1) was United States v. Montejo, 442 F.3d 213 (4th Cir. 2006), which held that § 1028A(a)(1)'s knowledge element did not modify the words "of another person." Consequently, under Montejo, the Government was not required to prove that the defendant knew the illegal identification belonged to another person. Id. at 217. However, on May 4, 2009, the Supreme Court of the United States abrogated Montejo when it held in Flores-Figueroa v. United States, 129 S. Ct. 1886 (2009), that the knowledge element applies to each subsequent element of the statute, and therefore, "§1028A(a)(1) requires the Government to show that the defendant knew that the means of identification at issue belonged to another person." Id. at 1894. The Supreme Court's construction of § 1028A(a)(1) narrowed the conduct that constitutes a crime under the statute compared to the Fourth Circuit's construction in Montejo. Because Flores-Figueroa narrowed the scope of § 1028A(a)(1) by interpreting its terms, it is considered a new substantive rule that is given retroactive effect. Schriro v.

5

Summerlin, 542 U.S. 348, 351 (2004).[2] Aitch contends that his appellate counsel's failure to challenge the validity of his § 1028A(a)(1) plea in light of Flores-Figueroa renders his counsel's performance constitutionally ineffective.[3]

The Fourth Circuit affirmed Aitch's sentence on November 19, 2009, over six months after the Supreme Court's decision in Flores-Figueroa. The Government concedes that it furnished no evidence at Aitch's Rule 11 hearing showing that the identification Aitch used belonged to a real person, and if so, whether Aitch had knowledge of that fact. (Gov't Resp. 4-5.) Given the Supreme Court's narrowing of § 1028A(a)(1) in Flores-Figueroa and the lack of evidence presented by the Government that could provide a factual basis to support Aitch's guilty plea, counsel's failure to challenge the validity of Aitch's plea on direct appeal was objectively unreasonable. While appellate counsel is not compelled to present every non-frivolous argument on appeal, Aitch's counsel cannot be credited with reasonable performance when the record is devoid of evidence that could establish a factual basis to support Aitch's guilty plea under § 1028A(a)(1) in the wake of Flores-Figueroa.

The court further finds that appellate counsel's deficient performance prejudiced Aitch. Courts have vacated pre-Flores-Figueroa § 1028A(a)(1) guilty pleas when the record was devoid of factual support establishing that the defendant knew the identification at issue belonged to

---

[2] The Government does not dispute that Flores-Figueroa announced a new substantive rule that applies retroactively. (Gov't Resp. 8.)

[3] The Government argues that this claim is procedurally defaulted because Aitch failed to raise it on direct appeal. (Gov't Resp. 8.) This argument, however, is unavailing because "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).

another person.  See United States v. Cain, No. 09-4038, 2009 WL 4756556, at *1 (4th Cir. Dec. 14, 2009) (unpublished); see also United States v. Kayode, No. 09-20383, 2010 WL 2340820, at *1 (5th Cir. June 9, 2010) (unpublished).  This case is factually distinct from United States v. Santana, No. 09-4302, 2010 WL 235263, at *1 (4th Cir. Jan. 20, 2010) (unpublished), where the Fourth Circuit upheld a defendant's § 1028A(a)(1) guilty plea after finding the PSR and Rule 11 hearing were replete with factual content sufficient to establish a factual basis for the conclusion the defendant knew the identification at issue belonged to another.  Had Aitch's appellate counsel challenged the validity of Aitch's guilty plea on direct appeal, the lack of factual basis to support Aitch's conviction under § 1028A(a)(1) would have compelled the court to vacate his § 1028A(a)(1) guilty plea.  Aitch, therefore, has shown that his attorney's deficient performance caused prejudice.  Because appellate counsel's performance was objectively unreasonable and Aitch has demonstrated prejudice resulting from appellate counsel's performance, the court finds that Aitch has shown his counsel's performance was constitutionally ineffective.

Aitch was sentenced to a total of eighty-one months' imprisonment.  Pursuant to § 1028A, Aitch received a consecutive sentence of twenty-four months' imprisonment for pleading guilty to aggravated identity theft.  Finding that appellate counsel's failure to challenge Aitch's § 1028A(a)(1) guilty plea on direct appeal rendered his performance constitutionally ineffective, the court grants Aitch's motion to vacate this sentence.  The court will issue a new judgment amending Aitch's sentence to remove the twenty-four month consecutive sentence under § 1028A(a)(1).  Thus, Aitch's new sentence will be fifty-seven months' imprisonment.

### C. Restitution

Aitch next contends that his counsel's performance was constitutionally ineffective for failing to object to and appeal the court's allegedly improper calculation of restitution. (Aitch § 2255 Mot. 6-7.) However, a review of the probation officer's PSR reveals that Aitch's counsel did object to the probation officer's calculation of restitution and raised the objection before the court at Aitch's sentencing. (Aitch Sentencing Hr'g Dec. 11, 2008, at 9-10, 56.) The court, however, denied the objection. (Id. at 57, 65-66.) Because Aitch's counsel diligently objected to the amount of restitution in the probation officer's PSR, Aitch has failed to show how his counsel's performance can be deficient. Aitch also makes a claim that his counsel's failure to appeal the district court's calculation of restitution and argue on appeal that the district court's finding as to the amount of loss constituted a violation of the Sixth Amendment renders appellate counsel's performance constitutionally ineffective. This issue, however, was raised in Aitch's pro se supplemental brief to the Fourth Circuit and was rejected by the three-judge panel. Aitch, 2009 WL 3863572, at *2. Therefore, even if Aitch could overcome the presumption of reasonableness, he could not show that his counsel's deficient performance caused prejudice.

### D. Cumulative Claim

Finally, aggregating the claims discussed above, Aitch maintains that the cumulation of his counsel's errors entitles him to habeas relief. The cumulative error doctrine affords relief when multiple harmless errors prejudice a defendant to the same degree as a single reversible error. United States v. Basham, 561 F.3d 302, 330 (4th Cir. 2009). Having found that Aitch is entitled to habeas relief on his § 1028A(a)(1) claim and that the remaining claims are without

merit, Aitch's claim based upon cumulative effect fails.

It is therefore

**ORDERED** that Aitch's § 2255 motion, docket number 260, is granted in part and dismissed in part as outlined in this order. It is further

**ORDERED** that the clerk of court shall prepare an amended judgment reflecting Aitch's new sentence of fifty-seven months' imprisonment. It is further

**ORDERED** that a certificate of appealability is denied because Aitch has failed to make "a substantial showing of the denial of a constitutional right" with respect to those claims for which the court has denied habeas relief. 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
December 9, 2010

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.